NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAMED AGHAJANI, | No. 07-74440 |
| Petitioner, | Agency No. A095-310-360 |
| v. | |
| ERIC H. HOLDER Jr..,Attorney General | MEMORANDUM* |
| Respondent. | |

On Petition for review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 12, 2012
Pasadena, California

Before: GILMAN,** TALLMAN, and N.R. SMITH, Circuit Judges.

Hamed Aghajani appeals from the Board of Immigration Appeals' (the BIA)

denial of his petition for asylum, withholding of removal, and relief under the

Convention Against Torture (CAT).  The BIA upheld the findings of the

Immigration Judge (IJ) that Aghajani was not credible.

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

\*\* The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Sixth
Circuit, sitting by designation.

Both the IJ and the BIA determined that Aghajani's testimony was inconsistent and thus not credible for the following reasons: (1) Aghajani testified that he was barred from school following his participation in a 1999 demonstration in Tehran and that he was too depressed to do much of anything, but evidence in the record purportedly showed that he attended a different school during this period; (2) one of the summonses that he received was dated June 1999, before the demonstration, which conflicted with his testimony that he had no involvement with law enforcement prior to that event; and (3) his testimony about his mental-health treatment conflicted with a letter from one of his doctors.

With respect to the first basis for the adverse credibility finding, the record appears to be ambiguous. Aghajani attempted to explain the factual discrepancy in his schooling by stating that he completed his high school studies and pre-university testing courses in the year before the demonstration, not after. Some of the record evidence supports this explanation, but other evidence suggests that he did not complete his courses until 2000, which was after the demonstration.

When a petitioner's testimony includes inconsistencies, due process requires that the IJ provide the petitioner with an opportunity to explain that inconsistency. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 & n.1 (9th Cir. 2009). The IJ did not provide Aghajani with such an opportunity here. We thus conclude that the

inconsistencies in Aghajani's schooling presented insufficient grounds for an adverse credibility finding based on the current record.

The government concedes that Aghajani was not confronted about the summons issue, the second basis for the adverse credibility finding. Because of this failure to confront, the record presently lacks substantial evidence to support an adverse credibility finding on the summons issue.

Finally, we conclude that the remaining ground for the adverse credibility finding—alleged inconsistencies concerning Aghajani's treatment by psychiatrists following his detention—lacks merit. When confronted with these alleged inconsistencies, Aghajani explained that the treatment letter from Narges Counseling Center mistakenly stated that he had received treatment for a year (the term of the treatment contract that he had signed), but overlooked the treatment notes, which confirmed his statement that he had received treatment from Narges only once. He discontinued this treatment because he believed that the conversational therapy methods at Narges would not help him, and record evidence detailing his treatment by other psychiatrists supports this explanation.

The IJ concluded that Aghajani's explanation could not be given weight because the Narges letter talked about the treatment that Aghajani had received. But this interpretation of the letter lacks support in the record. The copy of the

letter is redacted and states at most that Aghajani was under treatment for depression. This simple statement of Aghajani's general diagnosis does not suggest a course of treatment or extensive contact between Aghajani and the therapist at Narges. The IJ's and the BIA's reliance on this ground is therefore not supported by substantial evidence in the record.

As it currently exists, the record lacks substantial evidence to support the adverse credibility finding. We therefore remand the petition to the BIA in order to allow the IJ to confront Aghajani about the schooling and summonses issues, to accept and consider any corroborating evidence that Aghajani might present, and to make detailed findings on the question of Aghajani's credibility. *See Hartooni v. INS*, 21 F.3d 336, 343 (9th Cir. 1994) (remanding for a renewed credibility finding because "we cannot say that no doubts have been raised about [the petitioner's] credibility." (internal quotation marks omitted)).

The petition for review is **GRANTED**. This case is **REMANDED** to the BIA for further proceedings consistent with this Memorandum.